**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

Peter Kang'ethe                         \*
Care of Ben Akech Esq.              \*
10770 Columbia Pike Suite 300    \*
Silver Spring, MD 20901            \*
                                        \*
Jane Njau                               \*
Care of Ben Akech Esq.              \*
10770 Columbia Pike Suite 300    \*
Silver Spring, MD 20901            \*
                                        \*
        Plaintiffs                    \*
                                        \*.  CASE NO._____
        - v.-                       \*
                                        \*
Timothy Wilson                  \*
816 Arlington St,                \*
Orlando, FL 32805             \*
                                        \*
Carrie Benac                      \*
69 Colton Road                  \*
Columbus, OH 43207           \*
                                        \*
Rana Day                               \*
700 Wake Forest Rd            \*
Dayton, OH 28202             \*
                                        \*
Kevin Mahomer                 \*
611 Cobbs Creek Pkwy        \*
Philadelphia, PA 19143          \*
                                        \*
John Doe Business                \*
a fictitious entity operating as      \*
https://www.apexsmarthub.com/   \*
9711 Washingtonian Boulevard    \*
Gaithersburg, MD 20878          \*
                                        \*
        Defendants                 \*

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## **COMPLAINT**

This is an action to recover damages from an online investment fraud scheme operated

through the website https://www.apexsmarthub.com/. The named individual Defendants

Timothy Wilson, Carrie Benac, Rana Day and Kevin Mahomer received Plaintiffs wired funds of $53,000 into their bank accounts. The fictitious John Doe Business (operating the website) induced Plaintiffs, a husband-and-wife non-U.S. residents, to make the transfers under false representations that the funds would be professionally invested with expected returns. A fabricated dashboard displayed illusory earnings of $28,769 (nearly 57% "profit") and a pending withdrawal of $5,000 (which was never processed), all designed to deceive Plaintiffs. Plaintiffs seek compensatory damages, punitive damages, treble damages, disgorgement, and attorney's fees. In support thereof, Plaintiffs state as follows:

**PARTIES**

1.      Plaintiff, Peter Kangethe, resides in Nairobi, Kenya. Plaintiff is a non-resident of the United States. Plaintiff brings this action in Maryland as it is the purported domestic headquarters and base of operations for the Defendants' fraudulent enterprise.

2.      Plaintiff, Jane Njau, resides in Nairobi, Kenya. Plaintiff is a non-resident of the United States. Plaintiff brings this action in Maryland as it is the purported domestic headquarters and base of operations for the Defendants' fraudulent enterprise.

3.      Defendant Timothy Wilson is an individual who received and controlled a portion of the fraud proceed in a Wells Fargo account maintained with an address of 816 Arlington St, Orlando, FL 32805.

4.      Defendant Carrie Benac is an individual who received and controlled a portion of the fraud proceed in accounts at Truist Bank and Fifth Third Bank maintained with an address of 69 Colton Road Columbus, OH 43207.

5.    Defendant Rana Day is an individual who received and controlled a portion of the fraud proceed in a Fifth Third Bank account maintained with an address 700 Wake Forest Rd Dayton, OH 28202.

6.    Defendant Kevin Mahomer is an individual who received and controlled a portion of the fraud proceed in a PNC account maintained with an address of 6111 Cobbs Creek Pkwy Philadelphia, PA 19143.

7.    Defendant JOHN DOE BUSINESS is the fictitious name for the unknown entity or individuals operating https://www.apexsmarthub.com/ at an address located at 9711 Washingtonian Boulevard Gaithersburg, MD 20878 USA. Its true owners, operators, and principals remain unknown at this time and will be identified through further discovery. 9711 Washingtonian Boulevard Gaithersburg, MD 20878 USA

## JURISDICTION AND VENUE

8.    This is an action for compensatory, treble and punitive damages, and for forfeiture, attachment and other equitable relief, brought by persons injured in their business or property, pursuant to 18 U.S.C. § 1964(c), against Timothy Wilson, Carrie Benac, Rana Day and Kevin Mahomer for their fraudulent conduct, arising under the provisions of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. §§ 1961-68.

9.    This Court has subject-matter jurisdiction over the federal questions presented by this controversy pursuant to the provisions of 28 U.S.C. § 1331 and 18 U.S.C. § 1964(a). This Court also has pendent and ancillary jurisdiction over the state law claims alleged in this Complaint as well as supplemental jurisdiction, pursuant to the provisions of 28 U.S.C. § 1367, because such state law claims are so related to the federal-question claims presented

herein that they form part of the same case or controversy under Article III of the United States Constitution.

10.     This Court also has pendent and ancillary jurisdiction over the state law claims alleged in this Complaint as well as supplemental jurisdiction, pursuant to the provisions of 28 U.S.C. § 1367, because such state law claims are so related to the federal-question claims presented herein that they form part of the same case or controversy under Article III of the United States Constitution.

11.     This Court has personal jurisdiction over each Defendant because each has initiated business contacts and dealings in the State of Maryland sufficient to constitute having minimum contacts with Maryland for purposes of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

12.     Venue is proper under 28 U.S.C. § 1391(b) and RICO venue provisions (18 U.S.C. § 1965) because a substantial part of the events occurred in Maryland (generic Maryland address on the fraudulent website) and the wired funds were directed to U.S. bank accounts. Defendants' accounts are in Florida, Ohio, and Pennsylvania, further supporting interstate venue and nationwide service.

## FACTUAL ALLEGATIONS

13.     In August 2025 the John Doe Business, through https://www.apexsmarthub.com/ (last accessed on April 2, 2026) falsely represented itself as a legitimate investment platform offering professional asset management, risk-adjusted returns, capital protection, and dependable profitability.

14.     The https://www.apexsmarthub.com/ falsely represented itself as a legitimate copy-trading platform promising automated mirroring of trades, live sessions, 90/10 profit splits, and capital protection.



A screenshot of the homepage of the website as accessed on April 2, 2026.

15.     The website **apexsmarthub.com** is the primary instrument used to facilitate this scheme. The site is designed to mimic a high-end financial institution to induce consumer trust.

16.     To further this appearance of legitimacy and to entice Maryland consumers specifically, the Defendants advertised a physical location at 9711 Washingtonian Boulevard, Gaithersburg, MD 20878.

17.     Plaintiffs relied on this Maryland address as evidence that the company was a domestic entity subject to U.S. financial regulations and Maryland consumer protections.



A screenshot of the address page of the website as accessed on April 2, 2026.

18.    Between August 10, 2025, and December 17, 2025, Plaintiffs — via Website support communications — were induced to wire funds totaling $53,000 to the named individual Defendants' accounts (detailed in the table below):

| Date | Amount ($) | Transfer Charges ($) | Originating Bank | Recipient Name | Recipient Bank | Swift/Routing | Home Address |
|---|---|---|---|---|---|---|---|
| 8/14/25 | 1,000 | 17.8 | Absa Bank Kenya | Kevin D Mahoner | PNC Bank | PNCCU33XXX / 043000096 | 6111 Cobbs Creek Pkwy, Philadelphia, PA 19143 |
| 01/09/25 | 2,000 | 17.8 | Absa Bank Kenya | Rana L Day | Fifth Third (Cincinnati, OH) | FTBCUS3C / 042202196 | |
| 02/09/25 | 3,000 | 17.8 | Absa Bank Kenya | Rana L Day | Fifth Third (Cincinnati, OH) | FTBCUS3C / 042202196 | |
| 09/09/25 | 4,000 | 17.8 | Absa Bank Kenya | Rana L Day | Fifth Third (Cincinnati, OH) | FTBCUS3C / 042202196 | |
| 09/10/25 | 3,000 | 17.8 | Absa Bank Kenya | Carrie Benac | Fifth Third (Cincinnati, OH) | FTBCUS3C / 042000314 | 69 Colton Road, Columbus, OH 43207 |
| 9/24/25 | 2,000 | 17.8 | Absa Bank Kenya | Rana L Day | Fifth Third (Cincinnati, OH) | FTBCUS3C / 042202196 | |
| 11/10/25 | 9,000 | 24.82 | Absa Bank Kenya | Timothy Wilson | Wells Fargo (Winter Park, FL) | WFBIUS6S / 121000248 | 816 Arlington St, Orlando, FL 32805 |
| 11/12/25 | 9,000 | 24.82 | Absa Bank Kenya | Timothy Wilson | Wells Fargo (Winter Park, FL) | WFBIUS6S / 121000248 | 816 Arlington St, Orlando, FL 32805 |
| 11/13/25 | 7,000 | 19.82 | Absa Bank Kenya | Timothy Wilson | Wells Fargo (Winter Park, FL) | WFBIUS6S / 121000248 | 816 Arlington St, Orlando, FL32805 |
| 11/20/25 | 6,000 | 17.82 | Absa Bank Kenya | Timothy Wilson | Wells Fargo (Winter Park, FL) | WFBIUS6S / 121000248 | 816 Arlington St, Orlando, FL |
| 12/10/25 | 7,000 | 91.82 | Absa Bank Kenya | Carrie Benac | Truist Bank (Charlotte, NC) | BRBTUS33 / 042102267 | 69 Colton Road, Columbus, OH 43207 |
| TOTAL | 53,000 | 213.88 | | | | | |

19.   Defendants have failed to provide the services promised or return the $53,000.00 previously confirmed as transferred.

20.   On December 26, 2025, when Plaintiff inquired if a "glitch" in his account had been rectified, Defendants began a deceptive campaign to extort an additional $15,450.00 under the guise of technical maintenance.

21.   Defendants verbatim stated: *"Sir you're yet to pay the sum of 15,450 USD for Bug remote removal, so no activity can occur on your account until you make the payment"*.



22.    To further coerce the Plaintiff, Defendants provided a fraudulent "protection framework" breakdown, claiming Plaintiff had already "completed" payments for: * $8,180.00 — Advanced DDS Security Support. * $21,580.00 — Full Database Encryption & Integrity Lock.

23.    Defendants claimed that an "unresolved bug" had *"automatically suspended all trading activities, profit flow, and withdrawal permissions as a protective measure"*.



24.    To induce the Plaintiff to pay the additional $15,450.00, Defendants explicitly misrepresented that the fee was temporary, stating: *"Please be assured that this payment will be*

*credited to your account balance and returned in full immediately upon successful completion of the bug*

*removal procedure".*

# Chat log from apexsmarthub.com

Print

12/26/2025 2:40:16 PM, you
Hello Team

12/26/2025 2:40:37 PM, Support (Customer Support)
How can we help you sir?

12/26/2025 2:41:07 PM, you
Please advise if the glitch in my account has been rectified.

12/26/2025 2:43:04 PM, Support (Customer Support)
What's your username sir?

12/26/2025 2:43:12 PM, you
Pkangethe

12/26/2025 2:44:01 PM, Support (Customer Support)
Hold on let's check your account status

12/26/2025 2:46:20 PM, Support (Customer Support)
Sir you're yet to pay the sum of 15,450 USD for Bug remote removal, so no activity can occur on your account until you make the payment. You can also make this payment in installments.

12/26/2025 2:48:05 PM, you
What are the other options for the Bug remote removal?

12/26/2025 2:48:21 PM, Support (Customer Support)
This is the only option sir.

25.     On January 27, 2026, Defendants escalated this pressure via email, issuing a *"formal*

*reminder regarding the outstanding payment of USD 15,450"* and threatening to place the account

in a *"dormant status"* if not paid within 30 days.

~~Forwarded message~~

From: **ApexsmartHub**
<Support@apexsmarthub.com>
Date: Tue, 27 Jan 2026 at 16:50
Subject: Account Status
To: <kangethe.peter@gmail.com>

Sir, this message serves as a formal reminder regarding the outstanding payment of USD 15,450, which is required for the Bug Remote Removal service on your account. Kindly note that you have an estimated 30-day window from now to complete this payment in order to proceed with the full activation and restoration of your account. Failure to settle this obligation within the stipulated timeframe may result in the account being placed in a dormant status, thereby restricting access and functionality. We respectfully urge you to treat this matter with the utmost priority, as timely resolution is critical to maintaining uninterrupted account operations. Thank you for your attention and cooperation, and we wish you a pleasant day ahead.

---

26.     No services were provided, no profits realized, and withdrawals were blocked.

## COUNT I: FRAUD
**(Against all Defendants)**

27.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

28. Between August 1, 2025, and December 8, 2025, Defendants, acting through "Support (Customer Support)" on the apexsmarthub.com platform, represented that Plaintiffs could deposit and withdraw funds for trading purposes upon the transfer of capital to designated beneficiaries.

29. Specifically, on December 8, 2025, at 18:53:35, Defendants represented that transferring funds to Carrie Benac at Truist Bank (Account: 1360012534752) was a necessary and legitimate step to "get back to us" and continue account operations.

30. On December 26, 2025, at 14:46:20, Defendants represented that a "Bug remote removal" fee of $15,450.00 was a mandatory requirement for account activity.

31. Defendants further represented that this $15,450.00 payment would be "credited to your account balance and returned in full immediately upon successful completion".

32. Defendants knew these representations were false at the time they were made.

33. The "Bug remote removal" fee was a fabricated technical pretext, evidenced by the fact that Defendants claimed "security protocols... are fully active and functioning optimally" while simultaneously claiming an "unresolved bug" required a massive five-figure payment to "unlock all features".

34. The use of multiple, geographically disparate individual beneficiaries—Timothy Wilson in Orlando, FL, Rana Day in Dayton, OH, Kein D Mahomer in Philadelphia, PA and Carrie Benac in Columbus, OH—rather than a corporate account for "Apexsmarthub," demonstrates a calculated intent to obscure the destination of funds and avoid institutional oversight.

35. Defendants made these misrepresentations for the express purpose of defrauding the Plaintiff and inducing additional capital transfers.

36.    The January 27, 2026, email from "Support@apexsmarthub.com" served as a "formal reminder" designed to pressure the Plaintiff into paying the $15,450.00 fee by threatening "dormant status" and "restricting access," thereby attempting to finalize the fraudulent extraction of funds.

37.    The Plaintiffs relied on these representations by transferring $53,000.00 to the accounts of Timothy Wilson in Orlando, FL, Rana Day in Dayton, OH, Kein D Mahomer in Philadelphia, PA and Carrie Benac in Columbus, OH.

38.     The Plaintiffs had the right to rely on these statements as they were delivered through the official support channel of the financial platform he was contracted to use.

39.    The Plaintiffs further relied on the promise of account restoration when inquiring about the status of the "glitch" on December 26, 2025.

40.    As a direct and proximate result of the Defendants' fraudulent misrepresentations, the Plaintiffs have suffered a liquidated loss of $53,000.00 in principal plus $213.88 in transfer charges.

41.    Furthermore, the Plaintiffs have suffered the loss of access to all "trading activities, profit flow, and withdrawal permissions," effectively converting his entire account balance.

## COUNT II: UNJUST ENRICHMENT
### (Against all Defendants)

42.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

43.    Between August 4, 2025 and December 15, 2025, Plaintiffs conferred a direct and tangible economic benefit upon the Defendants by transferring $53,000.00 via wire transfers.

44.    This benefit was received into the various accounts held by of Timothy Wilson in Orlando, FL, Rana Day in Dayton, OH, Kein D Mahomer in Philadelphia, PA and Carrie Benac in Columbus, OH as provided in the table in paragraph 18 above.

45.    The transfers represent a specific "gain" to the Defendants' liquid assets.

46.     Defendants had actual knowledge and appreciation of this benefit. On November 11, 2025, at 09:10:50, following Plaintiff's confirmation of the transfer, Defendants acknowledged the receipt of said funds, stating: *"Okay sir. We will see to that"*.

47.     Furthermore, Defendants' subsequent communications on December 26, 2025, which referenced the Plaintiff's account status and "unresolved bugs," demonstrate a continued awareness of the Plaintiff's capital residing within their control.

48.     Defendants have accepted and retained the $53,000.00 benefit under circumstances that make it profoundly inequitable for them to do so without disgorging the value to the Plaintiffs.

49.     The inequity is evidenced by the Defendants' "ghosting" of the Plaintiff starting December 10, 2025, and their subsequent refusal to allow any "activity... on your account" unless the Plaintiffs pays an additional, non-contractual $15,450.00 "Bug remote removal" fee.

50.     Defendants are currently using the Plaintiffs initial $53,000.00 as leverage to extort further funds, claiming that "no activity can occur" and "profit flow" is suspended until further payments are made.

51.     The Defendants must be forced to disgorge these benefits, as they were obtained and are being held through deceptive pretexts and coercive "integrity locks" that serve no legitimate commercial purpose.

## COUNT III: VIOLATION OF MARYLAND CONSUMER PROTECTION ACT
*Md. Code Ann., Com. Law Art. § 13- 101 et seq.*
**(Against all Defendants)**

52.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

53.     At all times relevant hereto, Plaintiff was a "consumer" as defined by Md. Code Ann., Com. Law § 13-101(c).

54.     Defendants engaged in the "sale... of consumer services" and/or the "extension of consumer credit" within the meaning of § 13-303, by offering purported financial investment and trading services to the Plaintiff.

55.     Defendants engaged in unfair and deceptive trade practices by making false and misleading oral and written statements which had the capacity, tendency, and effect of misleading the Plaintiff, including but not limited to:

i.      Representing that the platform, apexsmarthub.com, was a legitimate financial service where funds could be deposited and withdrawn.

ii.     Asserting that a "Bug remote removal" fee of $15,450.00 was a technical necessity and that such payment would be "returned in full immediately upon successful completion".

iii.    Concealing the fact that the designated beneficiaries (Timothy Wilson in Orlando, FL, Rana Day in Dayton, OH, Kein D Mahomer in Philadelphia, PA and Carrie Benac in Columbus, OH) were individual third parties rather than corporate financial entities, and omitting the fact that the "Bug" was a fabricated pretext to withhold Plaintiff's funds.

iv.     Defendants' use of the address **9711 Washingtonian Boulevard, Gaithersburg, MD 20878** constitutes a per se violation of the MCPA, as it is a "misleading oral or written statement... which has the capacity, tendency, or effect of misleading consumers" under Com. Law § 13-301(1).

v. Upon information and belief, the Gaithersburg address is a virtual office or a completely fabricated location used to create a "veneer of locality" for Maryland residents.

vi. The Defendants knowingly failed to state the material fact that they do not maintain a physical, regulated financial office at that location, with the intent that the Plaintiff rely on this domestic presence to feel secure in transferring **$53,000.00** to an individual's private account.

56. These representations and omissions were material under *Luskin's Inc. v. Consumer Prot. Division*, 353 Md. 335 (1999), as they concerned information critical to the Plaintiffs' decision to entrust the Defendants with his capital and his subsequent decision-making regarding the "security" of his account.

57. Defendants acted with actual knowledge of the falsity of their statements. The January 27, 2026, email threatening "dormant status" for failure to pay a fabricated fee proves a coordinated intent to induce the Plaintiff to rely on these false threats to his financial detriment.

58. Plaintiffs reasonably relied on the Defendants' professional-appearing interface and support communications.

59. As a direct and proximate result of these deceptive trade practices, Plaintiff has suffered an "actual loss" of $53,000.00 in principal plus $213.88 in transfer charges as well as the loss of use of those funds and the associated "profit flow" as advertised by the Defendants.

## COUNT V

**(RICO Claim for Violations of 18 U.S.C § 1962(c) Against All Defendants as Persons Associated With an Enterprise for Conducting or Participating in the**

**Conduct of the Enterprise's Affairs through a Pattern of Racketeering Activity)**

60.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

61.     Defendants **Apexsmarthub.com**, Timothy Wilson in Orlando, FL, Rana Day in Dayton, OH, Kein D Mahomer in Philadelphia, PA and Carrie Benac in Columbus, OH acted in concert through a common agreement or understanding to operate a fraudulent financial scheme designed to extract and retain Plaintiff's capital.

62.     The existence of this agreement is necessarily implied by the coordinated actions of the parties: Defendant Apexsmarthub.com solicited funds via its support interface and specifically directed those funds into the personal bank accounts of Defendants Wilson and Benac.

63.     The transition from Wilson's Wells Fargo account to Benac's Truist Bank account to Kevin Mohoner's PNC account to Rana Day's Third Fifth account demonstrates a shared "understanding" among the Defendants to rotate beneficiaries to facilitate the continuous receipt of illicit transfers.

64.     The Defendants combined to use the "unlawful means" of fabricating a $15,450.00 "Bug remote removal" fee to prevent the Plaintiffs from accessing their $53,000.00 deposit, effectively converting the Plaintiffs' property for their own use.

65.     Defendants committed multiple overt acts in Maryland and elsewhere to advance the conspiracy, including but not limited to:

   i.     On October 10, 2025, Apexsmarthub.com provided the specific bank coordinates for Defendant Wilson to initiate the scheme.

   ii.     On November 11, 2025, Defendants cumulatively accepted $53,000 transfers into their accounts as listed in paragraph 18 above.

iii.  On December 8, 2025, Apexsmarthub.com directed the Plaintiffs to a second co-conspirator, Defendant Benac, to further the extraction of capital.

iv.  On December 26, 2025, and January 27, 2026, the Defendants collectively participated in the demand for $15,450.00 under the threat of "account dormancy".

66.  As a direct and proximate result of this conspiracy and the overt acts committed in furtherance thereof, the Plaintiffs have suffered an actual injury in the liquidated amount of $53,213.88, representing the funds disgorged to the conspiracy and currently withheld under the fraudulent pretext of "technical integrity locks."

67.  The Defendants are jointly and severally liable for all damages resulting from this coordinated unlawful enterprise.

## COUNT VI: CIVIL CONSPIRACY
### (Against all Defendants)

68.  The Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully set forth herein.

69.  Defendants Apexsmarthub.com, Timothy Wilson, Carrie Benac, Rana Day and Kevin Mahomer constitute an "enterprise" within the meaning of 18 U.S.C. § 1961(4).

70.  Specifically, the Defendants comprise an **association-in-fact enterprise**—a group of persons associated together for the common purpose of engaging in a course of conduct: the systematic defrauding of international investors through a deceptive digital trading platform.

71.  The enterprise is an ongoing organization with a functioning core, using the Maryland address at 9711 Washingtonian Blvd as its domestic anchor and the bank accounts of Wilson, Benac, Day and Mahomer as its financial conduits.

72.  Each Defendant participated in the operation or management of the enterprise.

73.    **Apexsmarthub.com** managed the digital interface and support communications.

74.    Timothy Wilson, Carrie Benac, Rana Day and Kevin Mahomer provided the essential banking infrastructure to receive and move the illicit proceeds.

75.    Defendants engaged in a "pattern of racketeering activity" as defined in 18 U.S.C. § 1961(5), consisting of at least two related predicate acts of **Wire Fraud (18 U.S.C. § 1343)** within a ten-year period:

   i.    Between August 1, 2025 and December 15, 2025, Defendants used interstate wire communications to transmit bank details for Timothy Wilson in Orlando, FL, Rana Day in Dayton, OH, Kein D Mahomer in Philadelphia, PA and Carrie Benac in Columbus, OH to the Plaintiffs with the intent to defraud them of $53,000.00.

   ii.    On December 26, 2025, Defendants used interstate wire communications (the website support chat) to falsely represent that a "Bug remote removal" fee of $15,450.00 was required to access funds.

   iii.    On January 27, 2026, Defendants transmitted an email from "Support@apexsmarthub.com" to the Plaintiff in Kenya, using international wires to threaten the permanent loss of funds unless additional capital was paid.

76.    The predicate acts have the same purpose (theft of Plaintiffs' capital), the same results (financial gain for Defendants), the same participants (Wilson, Benac, Day, Mahomer, and Apexsmarthub), and the same victim (the Plaintiffs).

77.    The Defendants' activities present a threat of continued criminal activity, as the website remains active and continues to solicit other victims globally using the same Maryland "headquarters" veneer.

78.     As a direct and proximate result of the Defendants' RICO violations, the Plaintiffs have suffered a concrete financial injury to his property in the amount of **$53,213.88**, representing the principal amount lost to the racketeering enterprise.

79.     Defendants further violated 18 U.S.C. § 1962(d) by conspiring to conduct the affairs of the enterprise through the pattern of racketeering activity described above. Each Defendant knew of the fraudulent nature of the enterprise and agreed to facilitate its goals.

**WHEREFORE**, Plaintiffs, Peter Kangethe and Jane Njau, and each of them, hereby demand judgment against Timothy Wilson, Rana Day, Kein D Mahomer, and Carrie Benac, and each of them, jointly and severally, for:

i)      An award of compensatory damages with respect to all Claims for Relief in an amount in excess of $75,000 as shown by the evidence introduced at the trial of this action.

ii)     An award of punitive or exemplary damages with respect to the First, Second, Fourth and Fifth Claims for Relief in an amount in excess of $75,000 to be determined from the evidence in accordance with law.

iii)    An award of treble damages with respect to the Fifth and Sixth Claims for Relief in an amount in excess of $159,000 to be determined from the evidence in accordance with law.

iv)     Pre- and post-judgment interest;

v)      Costs and attorneys' fees;

vi)     Such other relief as the Court deems just.

DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.


Respectfully submitted:

04/06/2026                              By:      /s/ Ben Akech
Date                                    Ben Akech, Esq.
                                        BN# 22357
                                        *Attorney for Plaintiffs*
                                        The Law Office of Ben Akech, LLC
                                        10770 Columbia Pike Suite 300
                                        Silver Spring, MD 20901
                                        ben@akechlaw.com
                                        Tel: (301) 244-0676
                                        Fax: (301) 363-1353